UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CHERYL SAGATAW, DEANTHONY BARNES, ROBERTA STRONG, and TRAVIS NELOMS *on behalf of themselves and a class of similarly-situated individuals,*

        Plaintiffs,

vs.

MAYOR JACOB FREY, *in his individual and official capacity*

        Defendant.

Civil Action

Case No. 24-CV-00001 (ECT-TNL)

**RULE 26(f) REPORT**

---

The parties' counsel, identified below, conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules and prepared the following report.

1. **Date and Place of the Meeting; Identification of the Parties and Their Attorneys; agenda of Matters for Pretrial Conference**

    a. February 15, 2024, counsel for the parties met by Microsoft Teams.

    b. Cheryl Sagataw, no known address or business
       DeAnthony Barnes, no known address or business
       Roberta Strong, no known address or business
       Travis Neloms, no known address or business

       Plaintiffs were represented at the meeting by counsel:
       Kira A. Kelley
       Climate Defense Project
       P.O. Box 7040
       Minneapolis, MN 55407
       (802) 683-4086
       kira@climatedefenseproject.org

>   Jacob Frey
>   Mayor of Minneapolis
>   City Hall
>   350 S. Fifth St., Room 331
>   Minneapolis, MN 55415
>
>   Defendant Mayor Frey was represented at the meeting by counsel:
>   Sharda Enslin
>   Haynes Hansen
>   Assistant City Attorneys
>   Minneapolis City Attorney's Office
>   350 South Fifth Street, Room 210
>   Minneapolis, MN 55415
>   (612) 673-2180
>   (612) 673-3339
>   sharda.enslin@minneapolismn.gov
>   haynes.hansen@minneapolismn.gov

   c. No applicable insurance carriers. The City of Minneapolis is self-insured.

   d. Agenda of matters to be discussed at the Pretrial Conference: Effect of the pending TRO motion, and Rule 12(c) motion that will be filed on behalf of Defendant, on the schedule for this matter.

2. **Description of the case**

   a. Plaintiffs' claims arise under 42 U.S.C. § 1983; the Fourth, Eighth and Fourteenth Amendments to the United States Constitution; Minnesota Common Law; and 42 U.S.C. § 1231 et. seq. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because Plaintiffs' claims arise under the United States Constitution and federal law, and the Court has pendent jurisdiction over the Plaintiffs' state law claim.

   b. Jurisdiction is not based on an assertion of diversity jurisdiction.

c. Description of the lawsuit, claims and defenses:

<u>Plaintiffs' description</u>: A putative class of otherwise unsheltered houseless people seek relief from ongoing deadly evictions overseen by Defendant in violation of their federal Constitutional rights. The lawsuit alleges that by ordering evictions, often without notice, and always without functional or accessible assurances for the safety and security of Plaintiffs' belongings and their persons, Defendant violates Plaintiffs': (I) Fourth Amendment rights by seizing and destroying property in an unreasonable infringement of their possessory interests; (II) Fourteenth Amendment procedural due process rights by not providing notice, an opportunity to be heard, and pre- and post- deprivation mechanisms to avert Defendant's seizure and destruction of their property; (III) Fourteenth Amendment substantive due process rights by imposing a state-created danger; (IV) Eighth Amendment rights by imposing punishment for the involuntary condition of houselessness; (V) Minnesota common-law protections against Conversion by the theft and destruction of Plaintiffs' belongings; and (VI) rights under the Americans with Disabilities Act, 42 U.S.C. § 1231 et. seq., by failing to provide reasonable accommodations to policies and practices for Plaintiffs' disabilities when conducting evictions.

<u>Defendant's description</u>: Plaintiffs and others have unlawfully encamped on City-owned property, at times, breaking into fenced areas and ignoring no trespassing signs. The encampments represent a threat to public safety and health, involving open-air drug use, human trafficking, assaults, deaths, spread of communicable illness, and fires. People staying at the encampments have been provided reasonable notice of and opportunity to leave the City-owned property ahead of the encampment closure, secure their belongings, and obtain suitable housing, whether in a shelter or elsewhere. The actions of Mayor Frey and the City of Minneapolis were lawful, reasonable, and protected on immunity grounds.

d. Summary itemization of the dollar amount of each element of the alleged damages, according to Plaintiffs is: at this time, Plaintiffs' are not able to provide an accurate estimate of the amount of damages to this Court. Plaintiffs' injuries are ongoing as this lawsuit proceeds and many members of the putative class have not yet shared the

extent of their injuries. Plaintiffs intend to move for leave to amend to add punitive damage claims, which Plaintiffs believe should be informed by the facts brought forth in discovery. The compensatory damages Plaintiffs seek include both specific, i.e. compensation for lost belongings and injuries resulting from evictions; and general, i.e. compensation for mental anguish, trauma, future medical expenses, pain and suffering, loss of consortium, and loss of opportunity and enjoyment of life.

3. **Pleadings**

   a. Plaintiffs filed a Complaint and Amended Complaint. Defendant Mayor Frey filed answers to both pleadings. Neither party intends to amend its pleadings.

   b. Date by which all motions that seek to amend the pleadings or add parties will be filed: April 15, 2024. Plaintiffs respectfully request that this Court permit them to reserve the right to add additional plaintiffs should class certification be denied.

   c. A jury trial is available under the law. A jury trial has been timely demanded by Plaintiffs and Defendant Mayor Frey.

4. **Discovery Plan**

   a. The date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed:

   Plaintiffs' and Defendant's joint proposal: 30 days after the Court's ruling on the Defendant's Rule 12(c) Motion for Judgment on the Pleadings.

   b. Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced: The parties do not wish to engage in any alternative dispute resolution before formal discovery is commenced and completed.

c. Whether discovery should be conducted in phases, or limited to or focused upon, particular issues:  Discovery should <u>not</u> be conducted in phases or focused on particular issues.

d. The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B):

   <u>Plaintiffs' proposal:</u>

   1) All parties should identify experts 14 days before close of fact discovery.
   2) All parties should produce expert reports and disclosures 16 days after the close of fact discovery.

   <u>Defendant's proposal</u>:

   1) Plaintiffs identify experts 30 days before close of fact discovery.
   2) Plaintiffs produce expert reports and disclosures on the last day of fact discovery.
   3) Defendant identifies experts on the last day of fact discovery.
   4) Defendant produces expert reports and disclosures 30 days after the close of fact discovery.

e. The number of interrogatories each party shall be permitted to serve:

   <u>Plaintiffs' proposal</u>: No more than <u>30</u> interrogatories shall be served by any <u>side</u>.

   <u>Defendant's proposal</u>: No more than <u>25</u> interrogatories shall be served by any <u>side</u>.

f. The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take:

   <u>Plaintiffs' proposal</u>: No more than <u>12</u> depositions shall be taken by any <u>side</u>.

   <u>Defendant's proposal</u>:  No more than <u>10</u> depositions shall be taken by any <u>side</u>.

g. The number of expert depositions each party shall be permitted to take: Each side shall take no more than one deposition per expert.

h. A mechanism and date by which the parties shall meet, confer, and stipulate to search terms and any other unique electronic discovery issues, as preproperate:

If a party objects to discovery as requiring reasonable search terms and custodian limitations, the parties will meet and confer within two weeks of those objections for the purpose of stipulating to reasonable search terms and custodian limitations and any other unique electronic discovery issues.

i. Other

*Request for Admissions*

Plaintiffs' proposal: No more than 50 Requests for Admissions shall be served by any side.

Defendant's proposal: No more than 25 Requests for Admission shall be served by any side.

*Independent Medical Examinations*

Plaintiffs' proposal: No more than 0 Fed. R. Civ. P. 35 medical examination(s) shall be served by any side/party.

Defendant's proposal: No more than 1 Fed. R. Civ. P. 35 medical examination shall be served by any side to each Plaintiff per medical specialty required to ascertain the extent of the injuries or disabilities alleged by Plaintiffs.

*Expert Depositions*

Expert depositions shall be completed within 30 days after the last expert report and disclosures are served.

*Protective Order*

<u>Plaintiffs' proposal</u>:  A protective order is not necessary, however, if a protective order should be necessary, the parties shall jointly submit a proposed order.

<u>Defendant's proposal</u>:  A proposed Protective Order, or any disagreements regarding the scope of a Protective Order, shall be submitted to the Court within 30 days of the Court's ruling on the City's Rule 12(c) Motion for Judgment on the Pleadings.

*ESI Discovery Plan*

<u>Plaintiffs' proposal</u>:  Production of electronic documents shall be in native format.  If the native format requires proprietary software, the producing party shall inform the requesting party of that fact.

<u>Defendant's proposal</u>: Documents shall be produced in text-searchable .pdf format with the exception of presentations, photographs, and videos which shall be produced in native format where possible. Body-worn camera videos will be produced as .mp4 files and with information identifying the officer making the recording, the title and id number assigned to the recording by the recording officer, the date and time recorded, and the duration of the recording. Discovery requests requiring a voluminous document review shall not be fulfilled until the parties have met and conferred upon reasonable search terms with the goal of requiring only a single review of any given document set.

5. **Close of Discovery and Non-Dispositive Motions**

    a. Date by which all discovery shall be completed and all non-dispositive motions shall be filed and served:

    <u>Plaintiffs' and Defendant's joint proposal:</u>

    Fact discovery shall be commenced in time to be completed within six months after the Court issues an order on Defendant's Rule 12(c) Motion on the Pleadings.

All non-dispositive motions which relate to expert discovery shall be filed and served within 30 days after the deadline for deposing experts.

All other non-dispositive motions and supporting documents, including those which relate to fact discovery, shall be served and filed on or before: 30 days after the close of fact discovery.

With respect to motions for leave to amend to add punitive damage claims:

Plaintiffs' proposal:

Motion for leave to amend to add punitive damage claims must be served and filed one month after the close of fact discovery.

Defendant's proposal:

Motion for leave to amend to add punitive damage claims must be served and filed within three months after the Court issues an order on Defendant's Rule 12(c) Motion on the Pleadings.

b. The parties agree that a party should be required to request an informal conference with the Court before filing a discovery motion.

6. **Dispositive Motions and Trial**

   a. The date by which all dispositive motions shall be served, filed, and heard

   Plaintiffs' and Defendant's joint proposal: 3 months after the close of expert discovery.

   b. The date by which the case shall be ready for trial: 4 months after the dispositive motion deadline.

c. The number of expert witnesses each party expects to call at trial:

<u>Plaintiffs' estimate</u>: No more than 5 experts
<u>Defendant's estimate</u>: No more than 2 experts plus any medical experts as required by each Plaintiffs claims.

d. Estimated trial time (including jury selection and instructions, if applicable): 12 days

Dated:  March 4, 2024              /s Kira A. Kelley_____
                                   Kira A. Kelley
                                   Climate Defense Project
                                   P.O. Box 7040
                                   Minneapolis, MN 55407
                                   (802) 683-4086
                                   kira@climatedefenseproject.org


Dated: March 4, 2024               KRISTYN ANDERSON
                                   City Attorney
                                   By /s Sharda Enslin
                                   SHARDA ENSLIN (#389370)
                                   KRISTIN R. SARFF (#388003)
                                   HEATHER P. ROBERTSON (#390470)
                                   J. HAYNES HANSEN (#399102)
                                   Assistant City Attorneys
                                   Minneapolis City Attorney's Office
                                   350 South Fifth Street, Room 210
                                   Minneapolis, MN 55415
                                   (612) 673-2180
                                   (612) 673-3919
                                   (612) 673-3949
                                   (612) 673-3339
                                   sharda.enslin@minneapolismn.gov
                                   kristin.sarff@minneapolismn.gov
                                   heather.robertson@minneapolismn.gov
                                   haynes.hansen@minneapolismn.gov

                                   *Attorneys for Defendant Mayor Jacob Frey*