UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| CHERYL SAGATAW, DEANTHONY BARNES, ROBERTA STRONG, and TRAVIS NELOMS, *on behalf of themselves and a class of similarly-situated individuals*,<br><br>Plaintiffs,<br>vs.<br><br>MAYOR JACOB FREY, *in his individual and official capacity*,<br><br>Defendant. | Civil Action No.<br><br>0:24-cv-00001-ECT/TNL<br><br>**PLAINTIFFS' MEMORANDUM RESPONDING TO THE QUESTION OF MOOTNESS** |

---

## INTRODUCTION

Since the inception of this case Plaintiffs, the residents of Camp Nenookaasi, have been forced to move four times—three times because the Defendant Mayor Frey forcibly evicted them and once, most recently, because of a fire. And each time, residents have re-established Camp Nenookaasi at a new location, their resilience not only a reflection of residents' lack of meaningful alternatives, but a testament to the power of community that has been created and fostered within Camp Nenookaasi. *See* Glenn Decl. ¶ 2.

Camp Nenookaasi is not a place, it is a community of people. And Plaintiffs have not raised real property claims, but claims that their civil rights, their rights as people, are being violated. The fact that, yet again, Camp Nenookaasi residents have been forced to

relocate does not render this case moot. To the contrary, the ongoing displacement of unhoused people is a fact integral to Plaintiffs' case, one that does not alter their claims that the Defendant Mayor Frey has already repeatedly violated their rights and continues to threaten to do so.

## ARGUMENTS

Mootness is a long-standing legal doctrine which enforces Article III of the United States Constitution by limiting the judiciary to considering cases that involve actual controversies between parties. A case is deemed moot "when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *City of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). As the United States Supreme Court has explained:

> The underlying concern is that, when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated, then it becomes impossible for the court to grant any effectual relief whatever to the prevailing party. In that case, any opinion as to the legality of the challenged action would be advisory.

*Id.* (internal quotations and citations omitted).

Of course, an "intervening circumstance" may render a case moot. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016); *Genesis Healthcare Corp. v. Symczyc*, 569 U.S. 66, 72 (2013); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). But a case becomes moot "only when it is *impossible* for a court to grant any effectual relief whatever to the prevailing party." *Campbell-Ewald Co.*, 577 U.S. at 160 (quoting *Knox v. Service Employees Int'l Union*, 567 U.S. 298 (2012)). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case

is not moot." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).  The availability of only a partial remedy is sufficient to prevent a case from becoming moot, even if the intervening event makes it impossible to issue the *exact* form of relief the plaintiff requests.  *See id.*; *see also Church of Scientology of California v. United States*, 506 U.S. 9, 12-13 (1992).  This is the case even if it is uncertain whether the relief granted by the court will ultimately have any meaningful practical impact on the plaintiff.  *See Chafin*, 568 U.S. at 175.

Here, the fire at Camp Nenookaasi's fourth location since the inception of this case—on 28th Street between 11th and 12th Avenues in Minneapolis—has certainly been an intervening circumstance which has forced Plaintiffs to move to a fifth location, at 2839 14th Avenue South.  *See* Glenn Decl. ¶¶ 3-4.  But the fact that Camp Nenookaasi has been forced to relocate does not materially change Plaintiffs' claims nor does it remove the ongoing threat of future harm should Defendant Frey continue to evict Camp Nenookaasi residents from one place to another.  To the contrary, dozens of people are still living in Camp Nenookaasi in more than thirty-five temporary structures in order to access basic necessities and survive.  *Id.* at ¶¶ 5-6.  In an analogous situation, where plaintiffs sought an order for protection against their alleged abuser, their claims would not be moot simply because their house burnt down and they were forced to move.

The relief requested in Plaintiffs' Second Motion for Temporary Restraining Order, Dkt. 31, remains a remedy sought by Plaintiffs.  Although subparagraph 1(a) describes the relief in terms of the then-present location of Camp Nenookaasi, subparagraphs 1(b) and 1(c) are not so limited.  Furthermore, Plaintiffs still seek the relief

3

sought in subparagraph 1(a) and together with this Memorandum file a Motion to Amend Address in Second Motion for Temporary Restraining Order to update the present address of Camp Nenookaasi in the interests of justice and judicial economy.[1]

As discussed in Plaintiffs' Memorandum of Law in Support of Second Motion for Temporary Restraining Order, Dkt. 47, Defendant Mayor Frey's conduct since the Court's initial ruling denying injunctive relief has sharply diverged from those claims on which the Court's determination was predicated.  With these new facts brought to light, which undermine Defendant Mayor Frey's initial claims and demonstrate the ways in which Plaintiffs rights have been violated in the interim, Plaintiffs are now entitled to injunctive relief.  Whether at the first, second, third, fourth, or now fifth location, Plaintiffs claims—and the controversy between the parties—remain the same.

## CONCLUSION

For the foregoing reasons, Plaintiffs assert that their Second Motion for a Temporary Restraining Order is not moot.

Respectfully submitted,

---

[1] As described in the Motion, Plaintiffs' counsel sought opposing counsel's position on Wednesday, March 6, 2024, but was notified that because lead counsel is out of the office, Defendant Frey would not be able to give a position on the Motion until early next week.

5

Date: March 8, 2024

/s/ Kira Kelley
KIRA A. KELLEY
Climate Defense Project
MN Bar No. 0402932
P.O. Box 7040
Minneapolis, MN 55407
(802) 683-4086
kira@climatedefenseproject.org

*Attorney for Plaintiffs*