UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| CHERYL SAGATAW AND DEANTHONY BARNES, *ON BEHALF OF THEMSELVES AND A CLASS OF SIMILARLY-SITUATED INDIVIDUALS*, <br><br> PLAINTIFFS, <br><br> V. <br><br> MAYOR JACOB FREY, *IN HIS INDIVIDUAL AND OFFICIAL CAPACITY*, <br><br> DEFENDANT. | CIVIL NO. 24-CV-0001 (ECT/TNL) <br><br><br> **AMENDED PRETRIAL SCHEDULING ORDER** |

---

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and less expensive determination of this action, the following schedule shall govern these proceedings. This schedule may be modified only upon formal motion and a showing of good cause as required by D. Minn. LR 16.3.

1. <u>Fact Discovery</u>

   a. All pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) shall be completed on or before June 15, 2024.

   b. Fact discovery shall be <u>commenced in time to be completed</u> on or before December 15, 2024.

   c. No more than 30 Interrogatories, counted in accordance with Fed. R. Civ. P. 33(a), shall be served by any side.

   d. No more than 30 Document Requests shall be served by any side.

   e. No more than 35 Requests for Admissions shall be served by any side

   f. No more than one Fed. R. Civ. P. 35 medical examination shall be served by any side to each Plaintiff per medical specialty reasonably required to ascertain the extent of the injuries or disabilities alleged by Plaintiffs. Such Fed. R. Civ. P. 35 medical examination(s) shall be served on or before June 1, 2025.

g.  No more than 12 depositions, excluding expert witness depositions, shall be taken by any side.

h.  On or before June 15, 2024, the parties shall jointly CM/ECF file a proposed stipulated Protective Order for the Court's consideration.  The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged.  No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are *compelling* reasons to do so.  Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary.  If a party files a document containing confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 5.6. **Any joint motion made pursuant to Local Rule 5.6 before United States Magistrate Judge Tony N. Leung shall conform to Exhibit A attached hereto.** Counsel shall provide the Court with two courtesy copies of the unredacted documents with the redacted information highlighted in yellow.

i.  Any party claiming privilege or protection of trial-preparation materials shall serve on the party seeking discovery a privilege log that complies with the requirements in Fed. R. Civ. P. 26(b)(5).

2. <u>ESI Discovery Plan</u>

    a.  The parties shall preserve all electronic documents that bear on any claims, defenses, or the subject matter of the lawsuit.

    b.  Documents shall be produced in text-searchable .pdf format with the exception of presentations, photographs, and videos which shall be produced in native format where possible. Body-worn camera videos will be produced as .mp4 files and with information identifying the officer making the recording, the title and id number assigned to the recording by the recording officer, the date and time recorded, and the duration of the recording. Discovery requests requiring a voluminous document review shall not be fulfilled until the parties have met and conferred upon reasonable search terms with the goal of requiring only a single review of any given document set.

3. <u>Expert Discovery</u>

    a.  Each side may call no more than three expert witnesses plus any medical experts as reasonably required by each individual Plaintiff's claim.

    b.  Each side shall take no more than one deposition per expert.

    c. The parties acknowledge that Plaintiff's treating doctors and medical care providers are not retained experts and that each party will have access to all relevant medical records. Plaintiff anticipates that such treating doctors will be allowed to testify regarding their care and treatment. Defendant agrees that such treating doctors are not subject to the expert disclosure requirement set forth in Fed. R. Civ. P. 26(a)(2), and reserves the right to challenge the scope of their testimony to be offered at trial.

    d. Disclosure of the identity of expert witnesses under Fed. R. Civ. P. 26(a)(2)(A) and the full disclosures required by Fed. R. Civ. P. 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

        i. Plaintiff
            1. Identification by Plaintiff on or before December 15, 2024.
            2. Report by Plaintiff on or before February 1, 2025.
            3. Rebuttal witness and reports shall be disclosed on or before April 1, 2025.

        ii. Defendant
            1. Identification by Defendant on or before February 15, 2025.
            2. Report by Defendant on or before March 15, 2025.
            3. Rebuttal witness and reports shall be disclosed on or before April 15, 2025.

    e. Expert discovery, including depositions, shall be completed on or before June 1, 2025.

4. <u>Non-Dispositive Motions</u>

    a. Non-dispositive motions may be scheduled for hearing by calling the Court's Courtroom Deputy at 612-664-5470.

    b. All motions which seek to amend the pleadings, including without limitation, a motion for leave to amend to add parties must be served on or before **September 15, 2024.**

    c. Motions for leave to amend to add punitive damage claims must be served and filed on or before October 15, 2024.

    d. Except as to non-dispositive motion deadlines specifically set forth elsewhere in this Order, all non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed on or before December 15, 2024.

    e. All non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before June 1, 2025.

    f. Prior to scheduling any non-dispositive motion, parties are strongly encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through telephone conference with the Magistrate Judge. All non-dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with D. Minn. LR 7.1 and 37.1.

    g. At the Rule 16 Scheduling Conference, the Court advised the parties that it is willing to resolve non-dispositive disputes between the parties on an informal basis via a telephone conference. However, before the Court will agree to proceed with this informal resolution mechanism, the "meet and confer" required by Fed. R. Civ. P. 37(a)(1) and D. Minn. LR 37.1 must have taken place, and all parties to the dispute must <u>agree</u> to use this informal resolution process as the very nature of the process is such that the parties are giving up rights they would otherwise have (<u>e.g.</u>, the dispute is heard over the phone; there is no recording or transcript of the phone conversation; no briefs, declarations or sworn affidavits are filed). If the parties do <u>agree</u> to use this informal resolution process, one of the parties shall contact Magistrate Judge Leung's chambers to schedule the conference. The parties shall submit <u>short</u> letters prior to the conference to set forth their respective positions. The requesting party shall submit its letter 7 days prior to the conference; the responding party shall submit its letter 4 days prior to the conference. The Court will read the written submissions of the parties before the phone conference, hear arguments of counsel at the conference, and if no one changes their decision during the phone conference regarding their willingness to participate in this informal resolution process, the Court will issue its decision at the conclusion of the phone conference or shortly after the conference. Depending on the nature of the dispute, the Court may or may not issue a written order. If there is no agreement to resolve a dispute through this informal resolution process, then the dispute must be presented to the Court via formal motion and hearing.

5. <u>Class Certification and Dispositive Motions</u>

    a. All class certification motions shall be filed and served by the moving party on or before February 1, 2025. All dispositive motions shall be filed and served by the moving party on or before August 1, 2025.

    b. Counsel for the moving party should schedule the hearing shortly before filing their motion papers by calling the Courtroom Deputy for Judge Eric Tostrud, at 651-848-1190. The parties must comply with Local Rule 7.1 and the Electronic Case Filing Procedures Guide, Civil Cases.

    c. When scheduling a summary judgment hearing, the parties must notify the Court whether there will be cross-motions for summary judgment so that the Court may enter an appropriate briefing order. The parties should confer about the possibility of cross-motions before contacting chambers to schedule a summary judgment hearing.

    d. Two courtesy copies of all memoranda and one courtesy copy of all supporting documents should be delivered to Judge Tostruds's chambers no later than the next business day after documents are filed on ECF. Judge Tostrud prefers that the courtesy copies be three-hold punched; unstapled; printed double-sided, if feasible; and, if voluminous, appropriately tabbed.

6. <u>Status & Settlement Conferences</u>

    a. The parties do not agree that a settlement conference is appropriate in this case at this time.

    b. On or shortly before September 26, 2024, December 20, 2024, March 20, 2025, June 12, 2025, and September 8, 2025, counsel for each party shall submit CONFIDENTIAL letters to the Court setting forth with reasonable specificity the status of the case; the relative strengths and weaknesses of each party's position; an update of efforts toward settlement; the last settlement positions of the parties; whether a settlement conference with a private mediator or the court would be productive; and a litigation budget. Each letter shall not exceed three pages. On or shortly before the date each such letter is due, counsel for the parties shall meet and confer to discuss the status of the case and discuss settlement.

    c. A final settlement conference shall be scheduled by the Court on a later date when needed.

7. <u>Trial</u>

    a. This case shall be ready for a Jury trial on December 1, 2025.

    b. Anticipated length of trial is 12 days.

8. <u>Prior Orders and Remedies</u>

    a. All prior consistent orders remain in full force and effect.

    b. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

**IT IS SO ORDERED.**

Dated: August 8, 2024       　_s/Tony N. Leung_
　　　　　　　　　　　　　　　Magistrate Judge Tony N. Leung
　　　　　　　　　　　　　　　United States District Court
　　　　　　　　　　　　　　　District of Minnesota

　　　　　　　　　　　　　　　*Sagataw et al. v. Frey*
　　　　　　　　　　　　　　　*24-cv-0001 ECT/TNL*

# EXHIBIT A
# SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH U.S. MAGISTRATE JUDGE TONY N. LEUNG

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column ||| Nonparty that Designated Doc. Confidential (If Any) | Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order) |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

For documents with confidential information spanning more than one category, a separate entry should be used for each category of information. For example, a memorandum contains both confidential financial records and medical records:

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column ||| Nonparty that Designated Doc. Confidential (If Any) | Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order) |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
|---|---|---|---|---|---|---|---|
| 26 | Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment | 5, 8, 12-15, 23-25 | X | | | | Confidential financial information. |
| 26 | Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment | 16-20, 26-27 | X | | | | Confidential medical records. |