UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHERYL SAGATAW, DEANTHONY BARNES, ROBERTA STRONG, TRAVIS NELOMS, ALVIN BUTCHER, ADRIAN TIGER, CHANCE ASKENETTE, DEVEN CASTON, LOLA HEGSTROM, and RONDEL APPLEBEE, *on behalf of themselves and a class of similarly-situated individuals*,<br><br>                 Plaintiffs,<br><br>vs.<br><br>MAYOR JACOB FREY, *in his individual and official capacity*,<br><br>                 Defendant. | Civil Action<br><br>0:24-cv-00001-ECT/TNL<br><br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO EXTEND FACTUAL DISCOVERY DEADLINE** |

In support of Plaintiffs' Motion to Extend Pretrial Discovery Deadlines, Plaintiffs offer the following:

Factual discovery is currently scheduled to be completed in this case on December 16,[1] 2024. Plaintiffs request additional time for the completion of factual discovery which was served on defense counsel on December 2, 2024.

---

[1] The Pretrial Scheduling Order lists this deadline as Sunday, December 15, 2024, which thus becomes Monday, December 16, 2024 pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure.

1

Specifically, Plaintiffs seek to complete seven depositions, of Defendant and his agents, following the organizational deposition of the City of Minneapolis now scheduled for December 10, 2024, as well as responses to sixteen interrogatories, twenty-three requests for admission, and ten requests for production of documents. Plaintiffs request a brief extension of factual discovery to January 2, 2024.

Amendments to the Pretrial Scheduling Order must be made by formal motion and for good cause. *See* Fed. R. Civ. P. 16(b)(4); *see also* U.S. Dist. Ct. Minn. L.R. 16.3. This rule, like all of the Federal Rules of Criminal Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. District courts have "broad discretion in establishing and enforcing" scheduling orders, and a "schedule may be modified only for good cause and with the judge's consent." *Petrone v. Werner Enters., Inc.*, 940 F.3d 425, 434 (8th Cir. 2019) (quoting Fed. R. Civ. P. 16(b)(4)).

**A. The movant acted with diligence in conducting pretrial discovery.**

The "primary measure of good cause" is whether the movant has been diligent in attempting to meet the original deadline. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). When evaluating diligence, courts look at whether a movant appropriately spent their time attempting to meet the deadline under the circumstances. *Rahn v. Hawkins*, 464 F.3d 813, 822-23 (8th Cir. 2006)

(overruled on other grounds by *Avichail, T.A. v. St. John's Mercy Health System*, 686 F.3d 548 (8th Cir. 2012)).

Here, several factors have impeded Plaintiffs' ability to complete factual discovery in time despite counsel's due diligence.

First, more than three dozen individuals wrote to the Court on July 9, 2024, seeking representation in this case as former residents of Camp Nenookaasi as well as additional information about the case. Kelley Decl. at ¶¶ 4-9. In response, Plaintiffs' counsel undertook important and time-intensive efforts to respond to each of these individuals—not only sending individual responsive letters in the mail, but also spending dozens of hours physically canvassing encampment locations in an effort to establish lines of communication, build relationships, and share and gather information with prospective plaintiffs and putative class members. *Id*. As a result of these efforts, the Complaint was amended to include these multiple additional Plaintiffs and reflect their respective injuries on October 8, 2024.[2] *Id*.

---

[2] It also bears noting that Plaintiffs' two *pro bono* attorneys work for a small legal nonprofit with limited resources and no support staff. In addition, attorney Claire Glenn had a baby in August and was on parental leave until November 18, 2024. This effectively left part-time staff attorney Kira Kelley as the sole individual handling this case, including the significant time-intensive work required to establish and maintain contact with unhoused clients and witnesses, with limited assistance in the form of advisory guidance from a more experienced, also *pro bono*, colleague from another firm.

Second, the Plaintiffs have been attempting to accommodate the Defendant's schedule in setting an organizational deposition of the City pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, a deposition which would inform the need for further factual discovery and allow appropriate tailoring in the interest of efficiency and avoiding undue burdens on either party. Plaintiffs have been attempting to schedule this deposition since August 12, 2024. *Id*. at ¶ 10. Plaintiffs' counsel sent numerous emails and held a video conference with Defendant's counsel regarding the contents and scheduling of the Rule 30(b)(6) deposition. *Id*. at ¶ 11. At first, Defendant's counsel was responsive and the parties were able to come to an agreement about the noticed topics. *Id*. at ¶ 12. However, once the topics were finalized in an email sent by Plaintiff's counsel on September 13, 2024, Defendant's counsel stopped responding. *Id*. at ¶ 13.

During this same period, Plaintiffs' counsel had been attempting to pursue settlement negotiations with Defendant, which included emails and remote video and phone conversations, about which Plaintiffs were optimistic. On September 30, 2024, Plaintiffs sent an email to Defendant's counsel regarding Plaintiffs' latest settlement proposal. *Id*. at ¶ 14.

However, Defendant's counsel did respond to either the September 13, 2024, email regarding the 30(b)(6) deposition or the September 30, 2024, email regarding settlement. *Id*. Defendant's counsel did not communicate with Plaintiff's counsel at

all until November 25, 2024, after Plaintiff sent another reminder email about scheduling the 30(b)(6) deposition. *Id*. at ¶ 16.

Due to the limited availability of the City's selected deponent, an individual whom the City has yet to identify, Defendant's counsel initially proposed scheduling the deposition after December 15, 2024 and stipulating to a brief extension of the factual discovery deadline. *Id*. at ¶ 16. When Plaintiffs' counsel suggested a slightly longer stipulated extension to accommodate the rest of fact discovery, Defendant's counsel informed Plaintiffs' counsel that no stipulation would be given and that the deponent would now be available prior to December 15, 2024. *Id*. at ¶ 18.

Defendant has not served Plaintiffs with any interrogatories, requests for admissions, or requests for production. Plaintiffs' counsel was under the mistaken impression that parties were both waiting until after the 30(b)(6) deposition to schedule depositions with other witnesses and seek documents. *Id*. at ¶ 17. On December 2, 2024, when defense counsel clarified that they would not be stipulating to any extensions of fact discovery deadlines, Plaintiffs immediately served their interrogatories, requests for production, requests for admission, and notices for the remaining witnesses, subject to further tailoring after the conclusion of the Rule 30(b)(6) deposition. *Id*. at ¶ 19.

In this instance, it appears that Plaintiffs' counsel over-corrected in seeking to balance professional courtesy and patience with the now-apparent need to have sent additional reminder emails in order to solidify the preliminary deposition and ask for a brief extension of the period of factual discovery in light of the delays in the Defendant's production of its 30(b)(6) deponent.

While certainly Plaintiffs' counsel could have been *more* diligent, this is not a case in which Plaintiffs' counsel was engaging in frivolous litigation or simply sitting on their hands.  *Compare Vaughan v. CARDS Holdings, Inc.*, NO. 5:23-CV-5208, 2024 WL 3015320 (W.D. Ark. June 14, 2024) (extending deadline although defendants could have been "*more* diligent") *with Rahn*, 464 F.3d at 822 ("Rather than focusing on amending his complaint or completing discovery, [Plaintiff] spent most of his time filing frivolous motions before the district court."); *Sherman*, 532 F.3d at 717 (describing the delay as "unwarranted" where defendant "admitted awareness of the affirmative defense at least as early as May 16, 2006, but Winco still waited until January of 2007 to seek leave to plead the affirmative defense").

This is also a case in which the defendant contributed to the delay. *See, e.g.*, *Spineology, Inc. v. Wright Medical Technology, Inc.*, 2017 WL 11680949, 2 (D. Minn. 2017) (finding good cause to allow a motion to compel to be filed after the deadline, when twice before the deadline expired the movant had requested the

compelled materials be produced and the nonmoving party failed to respond whether or not they would produce the compelled material). Defendant's counsel delayed the process of producing a deponent by declining to respond to Plaintiffs' counsel regarding the Rule 30(b)(6) deposition, which Plaintiffs had been asking for since August 12, 2024.

### B. The nonmoving party would not be prejudiced by a brief extension.

Prejudice to the nonmoving party resulting from the modification is a relevant, but secondary factor, to be considered second after the Court answers the question of diligence. *See Sherman*, 532 F.3d at 717; *Vaughan*, 2024 WL 3015320 at *2.

Defendant was originally willing to extend the deadline by a week to accommodate the schedule of its own witness. Kelley Decl. at ¶ 16. An additional week and a half extension beyond the Defendant's original stipulation is *de minimus*. Furthermore, defense counsel has been aware since at least September 6, 2024, that Plaintiffs sought this additional discovery in this case. *Id*. at ¶ 12.

Plaintiffs suggested January 2, 2025, as the extended deadline date out of a desire to propose the smallest possible deviation necessary, however given the end-of-year holidays should Defendant wish for a longer extension to accommodate the Defendant's and defense counsels' holiday plans, Plaintiffs would have no objection.

Plaintiffs do not anticipate this brief extension to the scheduling order would necessitate the alteration of any subsequent deadlines, but acknowledge that it would likely be appropriate to extend the deadline for non-dispositive motions, currently also set for December 16, 2024, to the same date as the close of factual discovery.

Respectfully submitted,

Dated: December 3, 2024

s/*Kira Kelley*
Kira Kelley (#402932)
Staff Attorney
Climate Defense Project
P.O. Box 7040
Minneapolis, MN 55407
(802) 683-4086
kira@climatedefenseproject.org

**Claire Nicole Glenn** (she/her)
Staff Attorney
Climate Defense Project
P.O. Box 7040
Minneapolis, MN 55407
(651) 343-4816
claire@climatedefenseproject.org
MN License No. 0402443

**ATTORNEYS FOR PLAINTIFFS**