UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHERYL SAGATAW, et al., | Case No. 24-cv-00001 (ECT/TNL) |
| Plaintiffs, | |
| vs. | |
| MAYOR JACOB FREY, *in his individual and official capacity* | **DECLARATION OF SHARDA ENSLIN** |
| Defendant. | |

Your Declarant is Sharda Enslin, and she submits the following declaration on behalf of Mayor Jacob Frey.

1. I am an Assistant City Attorney with the Minneapolis City Attorney's Office and I am one of the attorneys assigned to represent Mayor Jacob Frey in this matter. I submit this declaration in support of Defendant's Opposition to Plaintiff's Motion to Extend fact discovery.

2. On June 17, 2024, Defendant served Plaintiffs with Defendant's Initial Disclosures, which included a list of 27 City employees and officials likely to have discoverable information. Attached as Exhibit A is a true and correct copy of Defendant's Initial Disclosures.

3. On September 13, 2024, Defendant produced to Plaintiffs documents related to the encampment closures at issue, as well as 139 videos of encampment

closures. On September 19, 2024, Defendant produced an additional 323 videos of encampment closures.

4. On July 26, 2024, Plaintiffs' counsel emailed Defendant's counsel giving them a "heads up" that Plaintiffs were "working up a 'formal notice'" for a 30(b)(6) deposition and inquiring about the City attorneys' and the designee's availability. Attached as Exhibit B is a true and correct copy of that July 26, 2024, email.

5. On July 31, 2024, defense counsel sent Plaintiffs' counsel an email and encouraged Plaintiffs' counsel to proceed with serving their Notice of 30(b)(6) deposition, explaining that "without a topics list, it's pretty hard for me to determine how we would respond to it, who we might designate, and when they would be available." Attached as Exhibit C is a true and correct copy of that July 31, 2024, email.

6. On August 12, 2024, Plaintiffs' counsel sent a "draft" Notice of 30(b)(6) Deposition with a corresponding list of 36 separate deposition topics. Attached as Exhibit D is a true and correct copy of the draft Plaintiff's Notice of 30(b)(6) Deposition.

7. On August 26, 2024, Defendant served a Response to the draft Notice of 30(b)(6) Deposition, which included an itemized list of responses and objections to every topic. Attached as Exhibit E is a true and correct copy of Defendant's

Response. For 20 of the 36 topics proposed, Defendant agreed to produce a witness, and objected to the remaining 16 topics. Thirteen times, in his responses to the 30(b)(6) topics, Defendant objected on the basis that the proposed "topic" sought information that was more properly obtained through written discovery.

8. On September 6, 2024, counsel for the parties met and conferred about the proposed 30(b)(6) topics. Counsel for Defendant once again brought up the fact that many of the topics were better suited for written discovery, a fact which Plaintiffs' counsel acknowledged.

9. The meet and confer was productive, and the parties reached agreement on a set of topics for the deposition, including an agreement by Plaintiffs' counsel to revise the topics to exclude information more properly sought through written discovery.

10. Plaintiffs' counsel asked about when the deposition could take place, and defense counsel relayed that the deposition could take place the first week of October.

11. A week later, on September 13, 2024, Plaintiffs' counsel circulated a new draft version of the 30(b)(6) topics highlighting the changes the parties had agreed upon and requested that Defendant's counsel contact them if the defense had questions about the revisions. Defendant's counsel did not have questions about the revisions.

3

12. From September 13 to November 21, 2024, no notice of the 30(b)(6) deposition was served, and there was *no* communication whatsoever from Plaintiffs to Defendant about the 30(b)(6) deposition or any discovery. While the parties had tentatively agreed on the first week of October at the meet and confer, that time came and went without an attempt from Plaintiffs to schedule the deposition.

13. On November 21, 2024, two and half months after their last email on the subject and 11 weeks after the parties discussed an early October deposition date, Plaintiffs' counsel finally emailed defense counsel in an attempt to schedule the deposition. Attached as Exhibit F is a true and correct copy of that November 21, 2024 email.

14. On November 25, 2024, Defendant emailed Plaintiffs' counsel and proposed the week of December 9-13, 2024, for the 30(b)(6) deposition. Attached as Exhibit G is a true and correct copy of that November 25, 2024, email.

15. On November 26, 2024, Plaintiffs' counsel emailed defense counsel and confirmed they were generally available the week of December 9-13, 2024. Attached as Exhibit H is a true and correct copy of that November 26, 2024, email.

16. On November 27, 2024, counsel for Defendant emailed Plaintiffs and informed Plaintiffs that they had learned that City's 30(b)(6) designee was unavailable the week of December 9-13, but was available the following week on

4

December 17 or 18. Attached as Exhibit I is a true and correct copy of that November 27, 2024 email. Defendant acknowledged that this was outside of the discovery completion date of December 15, 2024; however, as this was only two or three days past the completion date and because the need to go outside of the deadline was due to the limited availability of the designee, Defendant offered to produce the witness after the deadline.

17.   On November 27, 2024, Plaintiff emailed Defendant and suggested that "the parties stipulate to an extension of the December 15th fact deadline by a few weeks just to give us all a buffer." Attached as Exhibit J is a true and correct copy of that November 27, 2024, email. Defendant did not believe there was good cause to extend the discovery deadline by multiple weeks, given that the 30(b)(6) deposition, which was the only pending discovery, could be completed within three days of the original deadline.

18.   On November 27, 2024, counsel for Defendant emailed Plaintiffs' counsel and responded that they would stipulate to a one-week extension until December 22, 2024. Attached as Exhibit K is a true and correct copy of that November 27, 2024, email.

19.   On November 29, 2024, Plaintiffs' counsel sent an email to Defendant's counsel rejecting Defendant's proposed one-week extension, stating that a "one-month stipulated extension (to Jan 15) seems appropriate and would

5

give us some buffer in case the City representative has a conflict that comes up." Attached as Exhibit L is a true and correct copy of that November 29, 2024, email. In this same email, Plaintiffs' counsel also brought up for the first time in the litigation an intention to serve interrogatories, requests for admission, and other deposition notices, stating that their purported reason for not serving any other discovery to date was because they had "intended to give [Defendant] a good faith chance to settle."

20. Plaintiffs' decision to delay conducting discovery had no connection to or foundation on the communications between the parties. The parties had never discussed a stay of discovery for the purposes of settlement discussions. After receiving this email, Defense counsel recognized that Plaintiffs intended to use their proposed one-moth "buffer" period as a way to conduct discovery that would otherwise be untimely.

21. On December 2, 2024, defense counsel learned that the City's 30(b)(6) designee was now available to sit for a deposition on December 10, 2024, a date within the original discovery completion deadline.

22. Defendant's counsel informed Plaintiff's counsel via email about the availability of the 30(b)(6) designee, and that there was no longer a need for any extension of the December 15, 2024, discovery completion deadline. Attached as Exhibit M is a true and correct copy of that December 2, 2024, email.

23. Plaintiff's counsel emailed defense counsel and responded by stating that despite the fact that the witnesses was now available within the discovery period, they would still be bringing a motion to extend fact discovery. Attached as Exhibit N is a true and correct copy of that December 2, 2024, email.

24. At 4:06 p.m. on Monday, December 2, 2024, nine business days before the close of discovery, Plaintiffs served Defendant with seven individual deposition notices.

25. Attached as Exhibit O is a true and correct copy of the Notice of Deposition for Defendant Jacob Frey, Mayor of Minneapolis.

26. Attached as Exhibit P is a true and correct copy of the Notice of Deposition for Brian O'Hara, Chief of Minneapolis Police Department.

27. Attached as Exhibit Q is a true and correct copy of the Notice of Deposition for Toddrick Barnette, Commissioner of Minneapolis Department of Public Safety.

28. Attached as Exhibit R is a true and correct copy of the Notice of Deposition for Enrique Velazquez, Director of Minneapolis Department of Regulatory Services.

29. Attached as Exhibit S is a true and correct copy of the Notice of Deposition for John Haugland, Minneapolis Police Department Lieutenant.

30. Attached as Exhibit T is a true and correct copy of the Notice of Deposition for Jose Gomez, Minneapolis Police Department Inspector.

31. Attached as Exhibit U is a true and correct copy of the Notice of Deposition for Michael Ohama, Senior Policy Aid, Public Safety, Mayor's Office.

32. Attached as Exhibit V is a true and correct copy of Plaintiffs' first set of written discovery requests, including document requests, interrogatories, and requests for admission.

33. On December 3, 2024, after multiple requests from Defendant, Plaintiffs served for the first time a Notice of 30(b)(6) deposition with a time and date. Attached as Exhibit W is a true and correct copy of the Notice of 30(b)(6) deposition.

34. On the afternoon of Friday December 6, 2024, Plaintiff served an individual deposition for Minneapolis City Council Member Jason Chavez. Attached as Exhibit X is a true and correct copy of that Notice of Deposition.

35. The 30(b)(6) deposition was completed on December 10, 2024.

36. There was never an agreement between the parties to pause discovery in order to engage in settlement discussions.

Dated: December 10, 2024              */s Sharda Enslin*
                                       SHARDA ENSLIN