## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| CHERYL SAGATAW, DEANTHONY BARNES, ROBERTA STRONG, and TRAVIS NELOMS *on behalf of themselves and a class of similarly-situated individuals,* | Case No. 20-CV-02189 (ECT/JFD) |
| Plaintiffs, | |
| vs. | **CITY OF MINNEAPOLIS' RESPONSE TO PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION** |
| MAYOR JACOB FREY, *in his individual and official capacity* | |
| Defendant. | |

City of Minneapolis ("the City") hereby responds to Plaintiffs' Notice of Rule 30(b)(6) Deposition ("Notice"):

### GENERAL OBJECTIONS

1.      The City objects to Plaintiffs' 30(b)(6) Notice to the extent it seeks information or documents protected from discovery by work product doctrine, the attorney client privilege or any other privilege or protection.

2.      The City objects to Plaintiffs' 30(b)(6) Notice to the extent that it assumes, implies or requires legal conclusions.

3.      The City objects to Plaintiffs' 30(b)(6) Notice to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or harassing, or that it seeks to require that the City undertakes an unreasonable investigation.

Exhibit E

4.     The City objects to Plaintiffs use of undefined terms or phrases including but not limited to "evict," "eviction," "unhoused clients," "briefs," "complaint," "agencies," "investigation," "statements," "pastor" and "shelters, personal effects, and other items."

5.     In providing this response to Plaintiffs' 30(b)(6) Notice, the City does not in any manner waive or intend to waive, but rather are preserving and intend to preserve:

    a.  All objections relating to competency, relevancy, materiality, privilege and admissibility;

    b.  All rights to object on any ground to the use, the response hearing or information provided pursuant hereto in any subsequent proceedings including the trial of this or any other action;

    c.  All objections relating to vagueness and ambiguity; and

    d.  All rights to supplement and/or amend this response based on the recollections or persons presently and available or based upon the discovery of additional documents or evidence subsequent to the date of the City's responses to this 30(b)(6) Notice.

6.     These objections and answers are based on information currently known.  The City may have not yet completed its investigation of the facts related to this action and may not have yet completed discovery or preparation for trial.  Therefore, the City reserves the right to amend, modify or supplement

2

Exhibit E

their objections and answers as necessary in accordance with the Federal Rules of

Civil Procedure, local rules, and/or applicable order of the Court.

**30(b)(6) Deposition Topics**

### I.    CITY POLICIES AND PROCEDURES RELATED TO UNHOUSE CONSTITUENTS

1. Planning, discussion, and decision-making of houselessness-related

policies. This includes, for example: the planning, discussion, and decision-

making that has informed the City of Minneapolis's policies, procedures, and

decisions regarding the Homeless Response Team, the "encampment closure

process," and other storage and encampment policies; any and all revisions, or

proposals for revisions, to these policies since August 2023; and formal as well as

informal or de facto revisions or deviations in how these policies have been

implemented.

RESPONSE: The City objects to this Topic as overly broad and unduly

burdensome, particularly as to time and scope. The City further objects to this

Topic as ambiguous and vague to the extent it does not describe the matter for

examination with reasonable particularity sufficient to allow the City to identify

and prepare a deponent on this Topic. The City objects to this Topic as seeking

information that is unlikely to lead to the discovery of admissible evidence. The

City further objects to this Topic as seeking information that is protected by the

Exhibit E

attorney-client or work product privilege. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

      2.  Storage offerings to unhoused Minneapolis residents in policy and practice. This includes how storage is offered to unhoused people, the process for accessing storage, the length of time storage may be utilized, the parameters for what can be stored, the supports (if any) available for helping people transport belongings to storage, and how and by whom the planning and implementation decisions of storage policies are made.

RESPONSE: The City objects to this Topic as overly broad and unduly burdensome, particularly as to time and scope. The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic to the extent it seeks information outside the possession or control of the City. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

Exhibit E

3.    The roles and responsibilities of the Department of Regulatory Services, in general and in relation to the provision of storage and administration of other services for unhoused people in Minneapolis.

RESPONSE: The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it seeks information regarding the Department of Regulatory Services "in general." The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

4.    The City's relationship with its "outreach partners," listed in Defendant's answer as: Agate, Avivo, Hennepin County's Streets to Housing, and Healthcare for the Homeless. This includes: how these organizations were/are identified and selected; how the City communicates, supervises, directs, or manages the activities that these outreach partners take on the City's behalf; and whether other organizations, such as the Catholic Charities Opportunity Center, are considered outreach partners and why or why not.

Exhibit E

RESPONSE: The City objects to this Topic as overly broad and unduly burdensome. The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

5.   The City's policies, procedures, and roles regarding shelter bed availability. This includes: how the City supervises, supports, manages, and tracks the provision and availability of shelter beds, if at all; whether and to what extent the City ensures accommodations for people with disabilities; whether and to what extent the City verifies the availability and accessibility of beds; whether and how decisions are made to make additional beds available; how additional beds are made available; and which and how many organizations participate in providing overnight beds to unhoused Minneapolis residents.

RESPONSE: The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it is not limited in time or scope. The City objects to the extent this Topic seeks information that is outside of the possession or control of the City. The City objects to this Topic as seeking information that is

6

unlikely to lead to the discovery of admissible evidence. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

6.   Policies and procedures regarding making and maintaining contact with unhoused clients. This includes what policies or procedures are used or have been adopted by the City and/or its outreach partners to inform how service providers identify, support, and stay in contact with prospective unhoused clients, including those individuals without permanent addresses or telephone numbers and/or who have disabilities.

REPONSE: The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it seeks information regarding the term "unhoused clients." The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City also objects to the extent this Topic seeks information that is outside of the possession or control of the City. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

Exhibit E

7.   Discussions or communications between third parties and the City regarding unhoused persons, encampments, and low-income housing. This includes discussions and communications regarding health and safety and impacts on the real estate market, the parties to such communications, and the fora over which these communications take place. This also includes discussions or communications with civilian crime reporting/monitoring organizations, like "Crime Watch," "21 Days of Peace," and "We Push for Peace."

REPONSE: The City objects to this Topic as overly broad, unduly burdensome, vague and ambiguous, particularly to the extent it seeks information regarding communication with any and all City employees and any and all theoretical third parties. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City further objects to this Topic as seeking information that is protected by the attorney-client or work product privilege. The City will meet and confer with Plaintiffs regarding this Topic.

8.   The contract between the City and Helix. This includes the processes, reasoning, and discussions or communications that informed, led to, and/or resulted in the contract, any requests for proposals, and any oversight mechanisms and metrics to assess Helix's fulfillment of the contract terms.

Exhibit E

REPONSE: The City objects to this Topic to the extent it is not a proper topic for a 30(b)(6) deposition. The City objects to this Topic as overly broad, unduly burdensome, vague and ambiguous, particularly to the extent it seeks communication with any and all City employees. The City further objects to this Topic as seeking information that is protected by the attorney-client or work product privilege. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

9.  "No Trespassing" signage, fencing, and depositing of concrete and rubble. This includes which properties have had such items erected and when, how the City decides which properties should be posted and/or fenced and/or filled with concrete and rubble, and who makes such decisions and erects such items on behalf of the City.

REPONSE: The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it is not limited in time, scope or properties. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City further objects to this Topic as seeking information that is protected by the attorney-client or work product privilege. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

Exhibit E

10. Publicly shared information about land ownership and status, including who manages the following City website: https://www.minneapolismn.gov/government/government-data/datasource/vacantcondemned-property-dashboard/.

RESPONSE: The City objects to this Topic to the extent it is not a proper topic for a 30(b)(6) deposition. The City objects to this Topic as overly broad, unduly burdensome, vague and ambiguous, particularly as it purports to seek unspecified information about unspecified land parcels. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City will meet and confer with Plaintiffs regarding this Topic.

## II.    NENOOKAASI EVICTIONS

11. The decisions made to evict Nenookaasi. This includes the processes, factors, and discussions or communications that have informed the decision of whether or not to evict Nenookaasi and when, the manner in which such processes, factors, and discussions or communications are documented or recorded, and who has final decision-making authority.

RESPONSE: The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it is not limited in time, scope or locations.

Exhibit E

The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic.  The City further objects to this Topic as seeking information that is protected by the attorney-client or work product privilege. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

      12. The City agencies and agents who have been present at each of the prior Nenookaasi evictions and their roles. This includes the instructions or "briefs" given to each of these agencies and agents before and during evictions, whether and how agencies or agents are given such instructions or "briefed," and what if any feedback, debriefing, or review occurs after each eviction.

RESPONSE: The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it is not limited in time, scope or and the terms "brief" and "City agencies." The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The

11

City further objects to this Topic as seeking information that is protected by the attorney-client or work product privilege. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

13. Claims of inadequacies during evictions and subsequent investigations. This includes whether and to what extent the City has received or is aware of claims, complaints, or allegations that storage is functionally unavailable to residents, shelter beds are unavailable, and residents are not given adequate notice or an opportunity to salvage their belongings during evictions. This includes what steps if any the City has taken to investigate and/or address such claims, complaints, or allegations.

RESPONSE: The City objects to this Topic to the extent it is not a proper topic for a 30(b)(6) deposition. The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it is not limited in time, scope or and the term "claims of inadequacies." The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City further objects to this Topic as seeking information that is protected by the

12

attorney-client or work product privilege. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

14. Measures taken to protect the rights of people with disabilities during evictions, if any.

RESPONSE: The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it refers broadly to "people with disabilities." The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City objects to this Topic to the extent it requires a legal conclusion. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

15. Decisions about how much time residents are permitted to pack up their belongings during evictions, including who makes such decisions, what factors go into such decisions, what discussions or communications have informed such decisions, whether the City has received or is aware of complaints

Exhibit E

that residents have not received sufficient time, and what steps have been taken to address such complaints if any.

RESPONSE: The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it refers broadly to "time…permitted to pack up." The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City objects to this Topic to the extent it requires a legal conclusion. The City further objects to this Topic as seeking information that is protected by the attorney-client or work product privilege. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

16. Communication from the City to residents prior to and during evictions. This includes specific details regarding how, if at all, the City insures residents are made aware of alternate housing options, transportation, and other resources; who shares such information with residents, to whom they have specifically shared such information, and when; and how if at all such information-sharing is documented.

14

Exhibit E

RESPONSE: The City objects to this Topic as overly broad, unduly burdensome, particularly to the extent it seeks information regarding communication with any and all City employees. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City also objects to the extent this Topic seeks information that is outside of the possession or control of the City. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

17. The destruction and/or disposal of shelters, personal effects, and other items during evictions, including any inventories or documentation of such items, how such items are destroyed or otherwise disposed of, and by whom.

RESPONSE: The City objects to this Topic to the extent it is not a proper topic for a 30(b)(6) deposition. The City objects to this Topic as overly broad and unduly burdensome, particularly to the undefined terms "shelters, personal effects, and other items." The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with

15

Exhibit E

reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

18. Law enforcement presence at evictions, including: how many officers, how many vehicles, in what formations, and with what weapons and equipment have been dispatched to evictions; who makes decisions regarding law enforcement dispatch to and tactics at evictions; and by what process and with what input are those decisions made.

RESPONSE: The City objects to this Topic to the extent it is not a proper topic for a 30(b)(6) deposition. The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it seeks information better suited for written discovery. The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City will meet and confer with Plaintiffs regarding this Topic.

16

Exhibit E

19. Law enforcement documentation of evictions, including whether and how many law enforcement officers have had body worn cameras during each of the evictions and/or have written reports pertaining to any of the evictions.

RESPONSE: The City objects to this Topic to the extent it is not a proper topic for a 30(b)(6) deposition. The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it seeks information better suited for written discovery. The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City will meet and confer with Plaintiffs regarding this Topic.

20. Arrests, threats of arrests, and physical threats made by law enforcement during evictions, including the number and context of each and whether weapons were drawn and/or discharged.

RESPONSE: The City objects to this Topic to the extent it is not a proper topic for a 30(b)(6) deposition. The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it seeks information better suited

Exhibit E

for written discovery. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City will meet and confer with Plaintiffs regarding this Topic.

21. Official complaints filed against the City or its agents or agencies related to the evictions, including the number, sources, and subject matter of such complaints, and any responses or efforts to address such complaints by the City.

RESPONSE: The City objects to this Topic to the extent it is not a proper topic for a 30(b)(6) deposition. The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it is not limited in time, scope or and the term "official complaints" and "agencies." The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City further objects to this Topic as seeking information that is protected by the attorney-client or work product privilege. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

Exhibit E

22. Statements made by the City to the public and/or any third party or parties regarding or relating to the Nenookaasi evictions. This includes any statements regarding the notice given to residents, the justifications for evictions, and how encampments generally or Nenookaasi specifically has been or would be handled.

RESPONSE: The City objects to this Topic as overly broad, unduly burdensome, vague and ambiguous, particularly to the extent it seeks information regarding communication with any and all City employees and any and all theoretical third parties. The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City further objects to this Topic as seeking information that is protected by the attorney-client or work product privilege. The City will meet and confer with Plaintiffs regarding this Topic.

23. The ceasing of notices for evictions, including what justifications or decisions led to the City not providing notice for evictions, who was a part of discussions or communications that informed such justifications or decisions, and who had final decision-making authority.

Exhibit E

RESPONSE: The City objects to this Topic as overly broad and unduly burdensome. The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic, particularly to the term "notices of eviction." The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City further objects to this Topic as seeking information that is protected by the attorney-client or work product privilege. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

24. The "pastor" the City hired to provide notice to Nenookaasi residents, including who this person is, why and how they were "authorized" by the City to provide eviction-related notice to residents and by whom, and what training and/or instructions they received.

RESPONSE: The City objects to this Topic as overly broad and unduly burdensome. The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic, particularly as to the term "pastor." The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible

Exhibit E

evidence. The City objects to the extent this Topic seeks information that is outside of the possession or control of the City. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

### III.  EFFORTS BY THE CITY TO ADDRESS THE NEEDS OF NENOOKAASI RESIDENTS AND THEIR HOUSED NEIGHBORS

25. Assessment and documentation of the size and nature of Nenookaasi, including whether, when, and to what extent the City has attempted to assess and/or document such things as the population, the number of yurts and/or tents, and the number of fires and/or heaters, and how such information is collected, maintained, and verified. This includes the source or basis for the City's claims that there were 18-20 fires at Nenookaasi.

RESPONSE: The City objects to this Topic to the extent it is not a proper topic for a 30(b)(6) deposition. The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it seeks information better suited for written discovery. The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that

Exhibit E

is unlikely to lead to the discovery of admissible evidence. The City will meet and confer with Plaintiffs regarding this Topic.

26. 311 calls, 911 calls, and other complaints or requests for emergency services regarding or relating to Nenookaasi, including: how complaints are documented and retained; how many such complaints or requests for emergency services have been made since August 2024 to the City, including to the Minneapolis Police Department; the nature of these requests; the number of repeat (as opposed to new or distinct) complainants; the number of calls made by Nenookaasi residents themselves; and whether and how the basis, substance, and cause of those complaints and the identity of the complainant were verified.

RESPONSE: The City objects to this Topic to the extent it is not a proper topic for a 30(b)(6) deposition. The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it seeks information better suited for written discovery. The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City will meet and confer with Plaintiffs regarding this Topic.

Exhibit E

27. Data regarding complaints to the City related to or regarding unhoused people or encampments in the East Phillips neighborhood prior to September of 2023, including baseline or comparative data illustrating rates of 311 calls, 911 calls, and other complaints or requests for emergency services, including those related to drug overdoses, discarded hypodermic needles, human trafficking, gun discharges, air pollution, thefts and other crimes, and waste or refuse.

RESPONSE: The City objects to this Topic to the extent it is not a proper topic for a 30(b)(6) deposition. The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it seeks information better suited for written discovery. The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City will meet and confer with Plaintiffs regarding this Topic.

28. City ordinances and regulations alleged to have been violated by the Nenookaasi encampment and its residents and the typical or usual City responses to violations of such ordinances.

Exhibit E

RESPONSE: The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it seeks information related to purportedly any City ordinance or regulation. The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. This City objects to this Topic to the extent it calls for a legal conclusion. The City further objects to this Topic as seeking information that is protected by the attorney-client or work product privilege. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

29. The City's current, planned, proposed, and anticipated future uses of each of the prior locations of Nenookaasi from which residents have been evicted, including what related discussions or communications have or are taking place, who (including individuals, agencies, and third parties) has participated or is participating in such discussions or communications, how such decisions are made and who has final decision-making authority.

RESPONSE: The City objects to this Topic to the extent it is not a proper topic for a 30(b)(6) deposition. The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it seeks information better suited

24

Exhibit E

for written discovery. The City further objects to this Topic as ambiguous and
vague to the extent it does not describe the matter for examination with
reasonable particularity sufficient to allow the City to identify and prepare a
deponent on this Topic. The City objects to this Topic as seeking information that
is unlikely to lead to the discovery of admissible evidence. The City will meet
and confer with Plaintiffs regarding this Topic.

30. Meetings with Nenookaasi organizers, liaisons, residents, and
supporters, including when such meetings have occurred, who has participated
in such meetings, what was discussed and how such meetings were documented
or recorded, and what discussions or communications did City officials and
agents have related to such meetings (including before and after).

RESPONSE: The City objects to this Topic to the extent it is not a proper
topic for a 30(b)(6) deposition. The City objects to this Topic as overly broad and
unduly burdensome, particularly to the extent it seeks information better suited
for written discovery and to the extent it purports to seek communications with
any and all City employees. The City further objects to this Topic as ambiguous
and vague to the extent it does not describe the matter for examination with
reasonable particularity sufficient to allow the City to identify and prepare a
deponent on this Topic. The City objects to this Topic as seeking information that

Exhibit E

is unlikely to lead to the discovery of admissible evidence. The City will meet and confer with Plaintiffs regarding this Topic.

31. Information regarding the outbreak of Norovirus at Nenookaasi, including what information the City received or generated, and any information regarding any identified cause, reports of sickness, proposed and/or adopted safety and treatment measures, and communications with or orders to law enforcement or emergency responders about whether and how to respond during the outbreak.

RESPONSE: The City objects to this Topic to the extent it is not a proper topic for a 30(b)(6) deposition. The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it seeks information better suited for written discovery. The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. Subject to and without waiving these and the foregoing general objections, the City will produce a witness on this Topic.

## IV.    THE FIRE

26

Exhibit E

32. The names, positions, and contact information of all staff, agencies, or agents who visited Nenookaasi on behalf of the City during the week prior to February 28, 2024, including but not limited to individuals who were sent to Nenookaasi to discuss the fires and/or smoke, as well as how these individuals were briefed or instructed and any debrief or report-back to the City.

RESPONSE: The City objects to this Topic to the extent it is not a proper topic for a 30(b)(6) deposition. The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it seeks information better suited for written discovery. The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City will meet and confer with Plaintiffs regarding this Topic.

33. Investigations regarding the fire at Nenookaasi on February 28, 2024, including what investigations have taken place, what investigations are ongoing, how investigations have been documented, who has conducted or is conducting such investigations, and any findings or reports.

Exhibit E

RESPONSE: The City objects to this Topic to the extent it is not a proper topic for a 30(b)(6) deposition. The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it seeks information better suited for written discovery. The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City will meet and confer with Plaintiffs regarding this Topic.

34. Investigations regarding the arson or attempted arson which took place at Nenookaasi during the week prior to February 28, 2024, including what investigations have taken place, what investigations are ongoing, how investigations have been documented, who has conducted or is conducting such investigations, and any findings or reports.

RESPONSE: The City objects to this Topic to the extent it is not a proper topic for a 30(b)(6) deposition. The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it seeks information better suited for written discovery. The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a

Exhibit E

deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City will meet and confer with Plaintiffs regarding this Topic.

35. The City's fire and arson investigation procedures, including the standard operating procedures for fire and arson investigations.

RESPONSE: The City objects to this Topic as overly broad and unduly burdensome, particularly to the extent it seeks information better suited for written discovery. The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City will meet and confer with Plaintiffs regarding this Topic.

36. The role of the Minneapolis Fire Department and Minneapolis Police Department, including the Arson Investigation Unit, in investigating fires and suspected arsons generally, and in the case of the Nenookaasi fire in particular.

RESPONSE: The City objects to this Topic as overly broad and unduly burdensome. The City further objects to this Topic as ambiguous and vague to the extent it does not describe the matter for examination with reasonable

29

Exhibit E

particularity sufficient to allow the City to identify and prepare a deponent on this Topic. The City objects to this Topic as seeking information that is unlikely to lead to the discovery of admissible evidence. The City will meet and confer with Plaintiffs regarding this Topic.

Dated:  August 26, 2024

KRISTYN ANDERSON
City Attorney
By */s Sharda Enslin*
SHARDA ENSLIN (#389370)
KRISTIN R. SARFF (#388003)
HEATHER P. ROBERTSON (#390470)
J. HAYNES HANSEN (#399102)
Assistant City Attorneys
Minneapolis City Attorney's Office
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-2180
(612) 673-3919
(612) 673-3949
(612) 673-3339
sharda.enslin@minneapolismn.gov
kristin.sarff@minneapolismn.gov
heather.robertson@minneapolismn.gov
haynes.hansen@minneapolismn.gov

*Attorneys for Defendant Mayor Jacob Frey*

Exhibit E