UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Cheryl Sagataw, et al., | Case No. 24-cv-00001 (ECT/ECW) |
| Plaintiffs, | |
| vs. | **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| Mayor Jacob Frey, *in his individual and official capacity* | |
| Defendant. | |

---

Plaintiffs' alleged constitutional violations are without merit:

- It is undisputed that when individuals entered City-owned properties to form each Nenookaasi iteration, they cut through locked City fences and tore down No Trespassing signs to do so. This is sufficient under the law to constitute a trespass. *Johnson v. Paynesville Farmers Union Co-op. Oil Co.*, 817 N.W.2d 693, 701 (Minn. 2012).

- It is undisputed that multiple Nenookaasi iterations re-formed on City lots that were sites of previously closed Nenookaasi encampments. This was additional notice to Plaintiffs that camping was prohibited at these sites.

- Plaintiffs' argument that they had an objectively reasonable expectation of privacy is legally wrong. Plaintiffs were trespassing on City property. Any privacy expectation under the Fourth Amendment by trespassers is inherently unreasonable.

- Plaintiffs do not dispute the admissibility of any evidence set forth by Defendant, other than Enrique Velazquez's declarations. Velazquez's declarations are based on "personal knowledge from first-hand

involvement and/or information [he] learned from City employees occurring in the normal course of [his] work as the Director of Regulatory Services." (*E.g.*, ECF 17 ¶1.) Velazquez has foundation to testify about fencing and signage at City-owned property, notices and services offered to campers per the Regulatory Services Department, and City policy pertaining to encampment closures memorialized in the City's Operational Guidance document. The first-hand observations are admissible through the City employees who may be called at trial. *Walker v. Wayne Cnty., Iowa*, 850 F.2d 433, 435 (8th Cir. 1988).

- Though Plaintiffs cite to deposition transcripts from purported experts, none articulate facts about the Plaintiffs specifically, to dispute that: (1) each had sufficient notice of impending encampment closures, and/or (2) any of Plaintiff's left-behind items reasonably appeared to be abandoned.

- Plaintiffs do not contest that the Nenookaasi iterations were plagued with unsanitary conditions, erupted in fire or explosions, and community members expressed alarm at visible criminal misconduct occurring inside the encampments.

Dated:  September 2, 2025

KRISTYN ANDERSON
City Attorney
By */s Sharda Enslin*
SHARDA ENSLIN (#389370)
KRISTIN R. SARFF (#388003)
HEATHER P. ROBERTSON (#390470)
J. HAYNES HANSEN (#399102)
Assistant City Attorneys
Minneapolis City Attorney's Office
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-2180
(612) 673-3919
(612) 299-2742

(612) 673-3339
sharda.enslin@minneapolismn.gov
kristin.sarff@minneapolismn.gov
heather.robertson@minneapolismn.gov
haynes.hansen@minneapolismn.gov

*Attorneys for Defendant Mayor Jacob Frey*